IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES LEE HASTINGS, #149 212    *

    Petitioner,    *

      v.    *    2:06-CV-350-ID
           (WO)
KENNETH JONES, *et al.*,    *

    Respondents.    *

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Hastings ["Hastings"], an Alabama prisoner convicted in 1989 of Robbery I, Burglary I, and Escape II and serving a term of life imprisonment without the possibility of parole, filed this habeas corpus petition on April 18, 2006 pursuant to 28 U.S.C. § 2254. Hastings argues that the denial of counsel during proceedings on his motion for reduction of sentence filed under Ala. Code (1975) § 13A-5-9.1 violated his constitutional rights.

The court has reviewed Hastings' application for federal habeas corpus relief. From that review, the undersigned concludes that the petition is due to be summarily dismissed under Rule 4, *Federal Rules of Civil Procedure*.

**DISCUSSION**

On September 3, 2004 Hastings filed a motion for reduction of sentence, pursuant to Ala. Code § 13A-5-9.1, in his court of conviction. The state court denied Hastings' motion on May 20, 2005. The Alabama Court of Criminal Appeals affirmed the state court's decision, and the Alabama Supreme Court denied Hastings' petition for writ of certiorari on March 10, 2006. (Doc. No. 1.)

Hastings filed the instant 28 U.S.C. § 2254 petition with this court on April 18, 2006. He argues therein that "pursuant to 13A-5-9.1, the circuit court <u>reopened</u> [his] case at the sentencing phase."[1] (emphasis in original). Under Supreme Court precedent, Hastings maintains that sentencing is a critical stage at which the Sixth Amendment right to counsel attaches. Because he did not have the assistance of counsel during the hearing on his motion for sentence reduction, Hastings alleges that his constitutional rights were violated, thereby entitling him to a new sentencing hearing with the assistance of appointed counsel. (Doc. No. 1.)

Federal habeas corpus relief is granted only to persons who can establish that their incarceration violates the Constitution, law or treaties of the United States. *Estelle v. McGuire,* 502 U.S. 62, 67-78 (1991). The Constitution does not require a state to provide a post-conviction proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987). States have no obligation to provide this avenue of relief. *U.S. v. MacCollom,* 426 U.S. 317, 323 (1976).   Here, Hastings believes he was entitled to appointment of counsel during the hearing on his post-conviction request that the trial court consider him for a reduction of sentence under Ala. Code § 13A-5-9.1. The trial court denied his motion. Thus, no re-sentencing proceedings occurred and no right to counsel attached. *See* U. S. Const. Amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."); *see also Williams v. Turpin,* 87 F.3d 1204, 1209 (11th Cir.1996) (the right to counsel is said to arise where "substantial rights of the accused may be affected.") (quoting *Mempa v. Rhay,* 389 U.S. 128, 134 (1967). Because Hastings' claim that he was entitled to the assistance of counsel at the hearing on his motion for reduction of sentence provides

---

[1] In *Kirby v. State*, 899 So.2d968, 971-72 (Ala. 2004), the Alabama Supreme Court held that Alabama trial courts have the authority to consider prisoners' motions for reduction of sentence under Ala. Code § 13A-5-9.1.

no basis for federal habeas corpus relief, his petition is due to be summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief Petitioner James Hastings be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 3, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of April 2006.

                                            **/s/ Delores R. Boyd**
                                            DELORES R. BOYD
                                            UNITED STATES MAGISTRATE JUDGE